JENNIFER E. SAVION, Bar No. 298031
jsavion@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone:  619.232.0441
Facsimile:   619.232.4302

Attorneys for Defendant
SUNEDISON, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SOKOLOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MANPOWERGROUP US, INC., a Wisconsin Corporation; EXPERIS US, INC., a Wisconsin Corporation; SUNEDISON, INC., a Delaware Corporation; TERRAFORM POWER, LLC, a Delaware Limited Liability Company; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No. **'18 CV0763 BAS KSC**<br><br>(San Diego Superior Court Case No. 37-2018-00008021-CU-OE-CTL)<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>Complaint filed: February 15, 2018 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

CASE NO.

TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant SUNEDISON, INC. ("Defendant") hereby removes the state action described herein, filed in Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego, and notice of the removal will be provided to counsel for Plaintiff David Sokolowski ("Plaintiff") in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the Notice to State Court and All Adverse Parties of Removal of Civil Action, without its accompanying exhibits is attached hereto as Exhibit A.

The grounds for removal are as follows:

## JURISDICTION

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

2. Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. §1441(a).

## NOTICE OF REMOVAL

3. On or about February 15, 2018, Plaintiff filed a Complaint for Damages in the San Diego County Superior Court in the State of California bearing the caption *David Sokolowski v. Manpower Group US, Inc., a Wisconsin Corporation, Experis US Inc., a Wisconsin Corporation, SunEdison, Inc., a Delaware Corporation,*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

CASE NO.

*Terraform Power, LLC, a Delaware Limited Liability Company, and Does 1-100, inclusive,* Case No. 37-2018-00008021-CU-OE-CTL ("Complaint").

4. On or about March 16, 2018, per agreement of counsel, Plaintiff mailed the Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution Information, Stipulation to Use Alternative Dispute Resolution, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile and Assignment to Imaging Department, and a Notice of Acknowledgment to the undersigned, and these documents were received on March 20, 2018. Declaration of Jennifer E. Savion ("Savion Decl.") ¶¶ 3-4. True and correct copies of the documents served on Defendant are attached hereto as Exhibit B.

5. On April 5, 2018, the undersigned executed and returned the Notice of Acknowledgment. Savion Decl. ¶ 5. A true and correct copy of the executed Notice is attached hereto as Exhibit C.

6. On April 18, 2018, Defendant Terraform Power, LLC ("Terraform") filed an Answer. A true and correct copy of Terraform's Answer is attached hereto as Exhibit D.

7. On April 19, 2018, Defendant filed an Answer. A true and correct copy of the Answer is attached hereto as Exhibit E.

8. On April 19, 2018, Defendants Manpower Group US, Inc. ("Manpower") and Experis US, Inc. ("Experis") filed an Answer. A true and correct copy of the Answer is attached hereto as Exhibit F.

9. This Notice of Removal is filed within 30 days after the initial receipt by Defendant of a copy of Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b).

10. Copies of this Notice of Removal, as well as the Notice of Filing of Notice of Removal, has been mailed to Plaintiff's counsel and all appearing parties and are being filed with the Clerk of the San Diego County Superior Court.

11. Diversity grounds for removal exist based on the following:

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

2.

## AMOUNT IN CONTROVERSY

12.     This case is one wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  In the Complaint, Plaintiff alleges the following causes of action: (1) retaliation (Cal. Govt. Code § 12940), (2) retaliation (Cal. Labor Code), (3) failure to provide rest breaks and/or pay appropriate compensation in lieu thereof, (4) wrongful termination in violation of public policy, (5) negligent supervision, and (6) intentional infliction of emotional distress.

13.     Although Plaintiff's Complaint does not specify the amount of damages sought, throughout the Complaint and in the prayer for relief, Plaintiff requests general damages, special damages, punitive damages, interest, attorneys' fees, and costs.   If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, reh'g en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996).  Economic damages, non-economic damages, general damages, attorneys' fees and costs and punitive damages, all are included in determining the amount in controversy.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("[i]t is well established that punitive damages are part of the amount in controversy in a civil action"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute).

14.     Where grounds for removal do not appear on the face of the initial pleading, a defendant can also look to "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Lovern v. General Motors Corp.* 121 F. 3d 160, 161 (4th Cir. 1997) (courts may look to "documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal.").

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

3.

15.    In this case, Plaintiff sent Defendant a settlement demand indicating Plaintiff would agree to resolve the matter for $200,000.  Savion Decl. ¶ 11, Ex. E.

16.    A written settlement demand can constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) if it appears to reflect a reasonable estimate of the plaintiff's claim.  *See Cohn v. Petsmart, Inc.* 281 F.3d 837, 840 (9th Cir. 2002) (court noted that the settlement demand letter was sufficient to establish the amount in controversy); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Wilson v. Belin*, 20 F.3d 644, 651 fn. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000 [under the prior $50,000 jurisdictional limit], it is 'apparent' that removal was proper.").

17.    Plaintiff's settlement demand is sufficient to establish that the amount in controversy exceeds the jurisdictional minimum.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007) *citing to Cohn*, 281 F.3d at 840 ("[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"); *Del Real v. Healthsouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) ("("[A]s to whether a demand letter is admissible as evidence, many courts have ruled that even if the initial pleading in a case does not support the amount in controversy requirement for diversity jurisdiction, defendants may use a variety of documents, including a written settlement demand, as 'other paper,' to determine if the case is removable"); *see also Molina v. Lexmark Intl., Inc.*, 2008 WL 4447678, at *13 (C.D. Cal. Sept. 30, 2008) (statements made during settlement discussions to establish the amount in controversy do not undermine the policy goals of the duty of confidentiality under Rule 408).

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

4.

18. Accordingly, although Defendant disputes that Plaintiff is entitled to any relief, the demand sufficiently establishes the amount in controversy for purposes of removal.

19. Further, in his Complaint, Plaintiff alleges he suffered "humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage." *See, e.g.*, Complaint ¶¶ 52, 79, 116.

20. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Based on the claims alleged by Plaintiff, his purported emotional distress claims alone likely meet the amount in controversy in this case. *See Kolas v. Access Business Group LLC*, 2008 WL 496470 (Sup. Ct. Cal., Jan. 14, 2008) (wrongful termination case resulting in $200,000 non-economic damages award).

21. Plaintiff is also claiming he "sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial." *See, e.g.,* Complaint ¶¶ 51, 78.

22. Per the Complaint, Plaintiff earned $25.00 per hour. Complaint ¶ 15. Accordingly, just one year's worth of lost wages amounts to $52,000.

23. Plaintiff also seeks attorneys' fees in connection with the filing of his Complaint. Complaint, Prayer for Relief. Section 1332(a)'s amount-in-controversy requirement includes attorneys' fees. *Galt G/S*, 142 F.3d at 1155-1156; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The amount in controversy for attorneys' fees "when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorneys' fees awards in similar cases." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal., Mar. 3, 2015). FEHA cases similar to this one have resulted in substantial awards of attorneys' fees, indicating that Plaintiff's request for attorneys' fees alone establishes the amount on

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION          5.

controversy to support removal of this case. *See, e.g., Castanon v. Int'l Paper Co.,* 2016 WL 589853, at *4 (C.D. Cal., Feb. 11, 2016) (court considered California jury verdicts in FEHA cases awarding attorneys' fees of $160,050, $114,584, and $818,000).

24. In addition, Plaintiff claims that Defendant engaged in "deliberate, outrageous, and despicable conduct," and therefore requests punitive damages against Defendant. *See, e.g.,* Complaint ¶¶ 53, 80, 117. In the Ninth Circuit, punitive damages are included in the amount in controversy when recoverable as a matter of law. *Gibson*, 261 F.3d at 945 (9th Cir. 2001). Additionally, because Plaintiff's action is brought under FEHA, which provides for punitive damages, the Court may consider punitive damages in assessing the amount in controversy. Cal. Gov. Code §§ 12900, *et seq.*; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

25. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code § 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and defendant's net worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on one of his claims and establish the requisite state of mind, the punitive damages alone could exceed the jurisdictional minimum.

26. When the Complaint alleges punitive damages, but the amount sought is unclear, a defendant can also establish probable punitive damages by referencing jury verdicts in at least marginally factually similar cases with substantial punitive damage awards to meet its burden as to the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033; *see, e.g. Ko,* 2014 WL 8108413 (plaintiff alleging claims for discrimination and wrongful termination in violation of FEHA recovered $500,000 in punitive

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

6.

damages).    Hence, the potential punitive damage award alone claimed against Defendant satisfies the amount in controversy.

27.    Thus, given Plaintiff's settlement demand and his prayer for relief seeking general damages, special damages, punitive damages, interest, attorney's fees, and costs, the amount in controversy requirement is satisfied.

## DIVERSITY OF CITIZENSHIP

28.    Defendant is informed and believes – and in his Complaint Plaintiff alleges he is – at the time the action was commenced in state court, and still is, a citizen of the State of California.  Complaint ¶ 1.

29.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center."

30.    Courts consider the following non-exclusive factors in determining a corporation's "nerve center":

(a)    Where the company's home offices are located;

(b)    Where the corporate officers and executives reside;

(c)    Where policy decisions are made;

(d)    Where the administrative and financial offices are located and the records kept.

*See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

31.    At the time of filing this action and at all times relevant to the allegations contained in Plaintiff's Complaint, Defendant was, and still is, a corporation incorporated under the laws of Delaware, and recently emerged from a Chapter 11

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

7.

bankruptcy proceeding.   Declaration of Stephanie Russell ("Russell Decl.") ¶ 3. Defendant's headquarters are located in Creve Coeur, Missouri.   Russell Decl. ¶ 4. The majority of Defendant's corporate functions, including human resources, accounting and finance, and legal occur in Missouri.   Russell Decl. ¶ 4.   As such, Defendant's executive and administrative functions important to its post-bankruptcy winddown operations are conducted at its Missouri location.   *Id.*   Additionally, the majority of Defendant's senior officers and employees responsible for post-bankruptcy winddown activities are based in Missouri.   *Id.*   As a result, Defendant is a citizen of both the State of Delaware and the State of Missouri.   Additionally, the Complaint pleads that Defendant is a Delaware corporation.   Complaint ¶ 4.

32.   Based on a review of publicly available records, co-defendants Manpower and Experis US, Inc. are corporations incorporated under the laws of Wisconsin with its corporate and executive offices located in Milwaukee.   Savion Decl. ¶¶ 6-7.   The Complaint also states that Manpower and Experis are Wisconsin corporations.   Complaint ¶¶ 2-3.   As a result, co-defendants Manpower and Experis are citizens of the State of Wisconsin.

33.   Based upon a review of publicly available records Terraform is a corporation incorporated under the laws of Delaware with a principal business address in Bethesda, Maryland.   Savion Decl. ¶ 8.   The Complaint also states on its face that Terraform is a Delaware corporation.   Complaint ¶ 5.

34.   An LLC is treated like a partnership for purposes of determining corporate citizenship; that is, it is treated as a citizen of every state of which its owners and/or members are citizens.   *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

35.   Based on publicly available records, Terraform is wholly owned by Terraform Power, Inc., a corporation incorporated under the laws of Delaware with its corporate and executive offices located in Bethesda, Maryland.   Savion Decl. ¶¶ 8-9. Accordingly, Terraform is a citizen of Delaware and Maryland.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION                8.

36.    Generally, under 28 U.S.C. § 1446(a), all properly joined and served defendants in a state action must join in a petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988).

37.    Counsel for Defendant has consulted with counsel for Terraform, Manpower, and Experis, and has confirmed that all Defendants join in this removal. Savion Decl. ¶ 10.

38.    Defendants designated as DOES 1 through 10 are fictitious defendants, are not parties to this action, have not been served and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of Doe defendants in a state court complaint has no effect on removability).  Said defendants need not consent to this removal.

39.    Wherefore Defendant hereby removes the civil action pending in the Superior Court of the State of California, County of San Diego to this honorable District Court.

Dated:  April18, 2018                    LITTLER MENDELSON, P.C.


By: s/ *Jennifer Savion*
       JENNIFER E. SAVION
       Attorney for Defendant
       SUNEDISON, INC.


Firmwide:154152144.1 089459.1020

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION                    9.